FILED: AUG 01, 2008
08CV4385
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COLE
RCC

Case 1:08-cv-04385   Document 1   Filed 08/01/2008   Page 1 of 14

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT GUTIERREZ,** | ) | |
| | ) | **Civil Action No.:** _____ |
| Plaintiff, | ) | |
| | ) | **Judge:** _____ |
| v. | ) | |
| | ) | **Magistrate Judge:** _____ |
| **MENARD, INC.** | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, ROBERT GUTIERREZ, ("Plaintiff" and/or "Gutierrez") by and through his undersigned counsel of record, and complains against Defendant MENARD, INC. (hereinafter referred to as "Menard" or "Defendant"), as follows:

### INTRODUCTION

1.  This case is about Defendant's shocking and egregious violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), *38 U.S.C. §4301, et seq.,* including, but not limited to, discriminating against Plaintiff for being a member of the uniformed services, retaliating against Plaintiff for honoring his obligation to serve when called in 2003, and again retaliating against Plaintiff in 2008 when he was scheduled to be redeployed by the Department of Defense.

2.  Plaintiff is a responsible individual that supported his household through his dedication, commitment, and outstanding job performance as an employee of Defendant for over eight (8) years.

3.  Plaintiff's ability to financially support himself came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and unlawfully "indefinitely suspended"

Plaintiff simply because Plaintiff honored the obligation he made to the United State of America, when he was notified of his pending redeployment.

4. Despite Plaintiff's eight (8) years of dedicated employment and outstanding job performance, Defendant and retaliated against Plaintiff by unlawfully "indefinitely suspending" him after he notified Defendant of his pending redeployment.

5. Plaintiff has suffered severe and egregious injury and damage as a direct and proximate cause of Defendant's unlawful conduct as alleged herein.

## PARTIES

**a.    Plaintiff**

6. Plaintiff, Robert Gutierrez, is an individual resident of Kendall County, Illinois who currently resides at 57 Blackhawk Springs Drive, Plano, Illinois 60545.

**b.    Defendant**

7. Defendant Menard, Inc. is a corporation doing business in the State of Illinois. As used in this Complaint, "Defendant" and/or "Menard." means Defendant, all subsidiaries, agents, successors, parent corporations, etc.

8. The registered agent for Menard, as listed with the Illinois Secretary of State, is:

Prentice Hall Corporation
33 North Lake Street
Chicago, Illinois 60602

9. Plaintiff was an employee of Menard from February 3, 2000, through the present.

10. Plaintiff was unlawfully indefinitely suspended from his employment with Menard on March 31, 2008.

11. At the time of his unlawful indefinite suspension, Plaintiff was employed by Menard as a Flatbed Loader.

**JURISDICTION AND VENUE**

12. Jurisdiction over the causes of action contained in this Complaint is conferred by *28 U.S.C. §1331*, as same arises under the laws of the United States.

13. Venue is proper in this judicial district under *28 U.S.C. §1391(b)*, in that Defendant employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**COMMON ALLEGATIONS**

14. Plaintiff Gutierrez was an employee of Defendant from February 3, 2000 through the date of his unlawful indefinite suspension on or about March 31, 2008.

15. Defendant was an employer of Plaintiff as defined by the USERRA.

16. Plaintiff was an employee of Defendant as defined by the USERRA.

17. At all relevant times herein, Plaintiff was protected by the rights established by the USERRA. Furthermore, Plaintiff was eligible for reemployment under the USERRA. *See 38 U.S.C. §4303 (13)* and *(16)*.

18. On March 31, 2008, at the time of his unlawful indefinite suspension, Plaintiff was employed by Defendant in the position of Flatbed Loader.

19. Plaintiff was a qualified, competent, and dedicated employee and performed all of his job duties in a reasonable and acceptable manner during all relevant times herein.

20. Plaintiff performed all of his job duties in a manner that met the Defendant's legitimate expectations.

21. Plaintiff enlisted in Illinois Army National Guard ("National Guard") on March 3, 1999.

22. Plaintiff's standard training for the National Guard included one weekend per month and a two-week training period per year. Plaintiff informed Menard of his National Guard obligation at the beginning of his employment. Plaintiff provided Menard with an annual schedule of the dates he would be unavailable to work due to his military obligations.

23. Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations.

23. In or about June 2003, Plaintiff was informed by the Illinois Army National Guard that he would be assigned full-time to the Illinois Army National Guard Armory in Marseilles, Illinois, beginning in June 2003. Plaintiff was assigned the position of gate guard.

24. Immediately upon receiving notice of his National Guard assignment, Plaintiff informed Defendant of his military obligation and that he would not be able to work his scheduled shifts.

25. In or about September 2003, Plaintiff was informed that he was to be deployed to Iraq in support of *Operation Iraqi Freedom II*.

26. Plaintiff's initial request for a leave of absence in order to fulfill his military obligation was made by Plaintiff to Defendant on or about June 2003.

27. Plaintiff first leave of absence from Defendant was from on or about June 2003 through February 2005.

28. Plaintiff returned to his employment with Defendant approximately two weeks after returning from his military deployment in Iraq.

29. While serving in Iraq, Plaintiff was awarded the following awards or medals:

    a. Army Reserve Component Achievement Medal;

    b. Army Combat Action Badge;

   c.  Iraq Campaign Medal;

   d.  Good Conduct Medal;

30. Plaintiff reenlisted with the National Guard in November 2007.

31. Plaintiff informed Menard of his plan to reenlist, and informed Menard after he had reenlisted.

32. On or about March 7, 2008, Plaintiff visited his dentist (Dr. K.J. Dillman) for extensive dental work on six teeth.

33. In the course of his treatment, Dr. Dillman prescribed Plaintiff Hydrocodone (a narcotic) for pain.

34. At his first day of work after his dental visit, Plaintiff informed his supervisors at Menard that he had been prescribed Hydrocodone and that he was, in fact, taking the medication.

35. Less that two weeks after Plaintiff informed Menard that he was taking Hydrocodone under the direction and care of a medical professional, Menard informed Plaintiff that he was required to submit to a "random" drug test.

36. On or about March 31, 2008, Defendant notified Plaintiff he was indefinitely suspended, under Defendant's "zero tolerance" policy for drug use in the workplace. Defendant indefinitely suspended Plaintiff in retaliation for honoring his obligation, and serving when called upon, in military service.

37. Plaintiff had an outstanding work history and was never subjected to disciplinary action until after he notified Defendant of his impeding redeployment for military service.

38. There was no legitimate non-discriminatory/non-retaliatory basis for Plaintiff's indefinite suspension.

39. Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

40. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I

### VIOLATIONS of the UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT of 1994 ("USERRA"), 38 U.S.C. §4301, et. seq. (DISCRIMINATION)

41. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

42. Plaintiff was an eligible employee under the USERRA, insomuch as he is a member of the uninformed services. Plaintiff is an E4/Corporal in the Illinois Army National Guard. *See 38 U.S.C. §4303 (16)*.

43. Plaintiff has preformed "service in the uniformed service" beginning on or about March 3, 1999 and continues through the present time. *See 38 U.S.C. §4303 (13)*.

44. Defendant is a covered employer under the USERRA, insomuch as it is a "person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." *See 38 U.S.C. §4303 (4)(A)*.

45. Defendant was fully aware that Plaintiff's leave on or about June 2003 through on or about February 2005, qualified as "service in the uniformed services."

46. Plaintiff properly notified Defendant of his pending redeployment beginning June 2003.

47. Defendant is fully aware that Plaintiff's pending redeployment to Afghanistan beginning in or about September 2008 qualifies as "service in the uniformed services."

48. Plaintiff informed Defendant of his pending redeployment to Afghanistan prior to March 2008.

49. Plaintiff otherwise fulfilled all of his obligations for notifying Defendant.

50. Plaintiff fully informed Defendant of the nature and scope of his redeployment and he went through all of the proper avenues to get approval from Defendant for his required military leave.

51. Defendant violated the USERRA by discriminating against Plaintiff through harassment and other coercion.

52. There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's harassment and coercion of Plaintiff.

53. Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

B. Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

C. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

D. Attorneys fees, expert witness fees and costs of this action, pursuant to *38 U.S.C. §4323 (h)(2)*; and

E.      Any and all other such relief as this Court deems just and equitable.

## COUNT II

**<u>VIOLATIONS of the UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT of 1994 ("USERRA"), *38 U.S.C. §4301, et. seq.*</u>**
**<u>(RETALIATION)</u>**

54.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

55.     Plaintiff was an eligible employee under the USERRA, insomuch as he is a member of the uninformed services. Plaintiff is an E4/Corporal in the Illinois Army National Guard. *See 38 U.S.C. §4303 (16)*.

56.     Plaintiff has preformed "service in the uniformed service" beginning on or about March 3, 1999 and continues through the present time. *See 38 U.S.C. §4303 (13)*.

57.     Defendant is a covered employer under the USERRA, insomuch as it is a "person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." *See 38 U.S.C. §4303 (4)(A)*.

58.     Defendant was fully aware that Plaintiff's leave on or about June 2003 through on or about February 2005, qualified as "service in the uniformed services."

59.     Immediately upon his return to his former position at Menard in February 2005, Plaintiff was required to submit to two "random" drug tests within a one-month period.

60.     Plaintiff properly notified Defendant of his pending redeployment beginning June 2003.

61.     Defendant is fully aware that Plaintiff's pending redeployment to Afghanistan beginning on or about September 2008 qualifies as "service in the uniformed services."

62. Plaintiff informed Menard of his pending redeployment to Afghanistan prior to March 2008.

64. Plaintiff fully informed Defendant of the nature and scope of his redeployment and he went through all of the proper avenues to get approval from Defendant for his required military leave.

65. At the time Plaintiff informed Menard of his pending redeployment, Plaintiff held the position of "Inventory and Quality Control."

66. In January 2008, immediately after Plaintiff informed Defendant of his redeployment, Menard demoted Plaintiff to "Receiving," and replaced him with an employee who does not have, and never had, military obligations.

67. In February 2008, Menard further demoted Plaintiff to "Flatbed Loader."

68. Defendant violated the USERRA by discriminating against Plaintiff through demoting Plaintiff, harassment and other coercion.

69. There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's demoting, harassment and coercion of Plaintiff.

70. Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

71. Defendant violated the USERRA by:

    a. Retaliating against Plaintiff for requesting and taking a leave of absence in order to fulfill his military obligation by, among other things,

        i. Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations;

    ii. Requiring Plaintiff to submit to two "random" drug tests within a one-month period upon his return from his initial deployment in February 2005;

    iii. Requiring Plaintiff to submit to a "random" drug test when Defendant knew that Plaintiff was taking Hydrocodone for a dental procedure;

    iv. Demoting Plaintiff from "Inventory and Quality Control" to "Receiving" and replacing Plaintiff with an employee who does not have, and never had, military obligations;

    v. Demoting Plaintiff from "Receiving" to "Flatbed Loader"; and

    vi. Unlawfully indefinitely suspending Plaintiff on March 31, 2008.

72. There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's indefinite suspension of Plaintiff on March 31, 2008, or for the other retaliatory and illegal conduct described herein.

73. Defendant unlawfully indefinitely suspended Plaintiff in retaliation for Plaintiff being redeployed for military service.

74. Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

75. As a result of the Defendant's actions Plaintiff has suffered harm and injury damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption to his personal life, financial injury, lost benefits, lost wages and lost enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

    A.    Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

    B.    Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

    C.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

    D.    Attorneys fees, expert witness fees and costs of this action, pursuant to *38 U.S.C. §4323 (h)(2)*; and

    E.    Any and all other such relief as this Court deems just and equitable.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.    Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

77.    Plaintiff is an employee of the Defendant.

78.    Plaintiff fulfilled his job duties with skill and expertise.

79.    Defendant's severe and outrageous acts, including the intentional, willful, discriminatory and retaliatory suspension of Plaintiff were actions that amounted to extreme and outrageous conduct as follows:

    a.    Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations;

      b.      Requiring Plaintiff to submit to two "random" drug tests within a one-month period upon his return from his initial deployment in February 2005;

      c.      Requiring Plaintiff to submit to a "random" drug test when Defendant knew that Plaintiff was taking Hydrocodone for a dental procedure;

      d.      Demoting Plaintiff from Inventory and Quality Control to Receiving and replacing Plaintiff with an employee who does not have, and never had, military obligations;

      e.      Demoting Plaintiff from Receiving to Flatbed Loader; and

      f.      Unlawfully indefinitely suspending Plaintiff on March 31, 2008.

80. Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

81. Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

82. The Plaintiff did, in fact, experience extreme emotional distress, in that he was concerned about his continued employment with Defendant, lost his source of income and benefits, and experienced increased nervousness and anxiety.

83. Further, Plaintiff did, in fact, experience extreme emotional distress, in that he was forced to continually worry about Plaintiff's health and income and his well-being while on indefinite suspension.

84. By the extreme emotional distress the Plaintiff was thereby damaged.

85. Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

i. Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

ii. Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

iii. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

iv. Monetary damages to compensate Plaintiff for all future lost salary, benefits, and emotional distress;

v. Punitive damages;

vi. Attorneys' fees, expert witness fees and costs of this action; and

vii. Any and all other such relief as this Court deems just and equitable.

## JURY DEMAND

JURY DEMANDED ON ALL COUNTS SO TRIABLE

Dated: August 1, 2008                    FOOTE, MEYERS, MIELKE & FLOWERS, LLC

                                              /s/Robert M. Foote Meyers
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
Adam L. Gill, Esq. (#06289577)
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
28 North First Street, Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-6333
Facsimile: (630) 845-8982

Kathleen C. Chavez (#06255735)
CHAVEZ LAW FIRM, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone: (630) 862-1130

***Attorneys for Plaintiff***