UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4385 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan, Presiding |
| | ) | |
| MENARD, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MENARD, INC.'S MOTION TO COMPEL ARBITRATION**

NOW COMES the defendant, MENARD, INC., by and through one of its attorneys, Garry B. Zak of LEWIS BRISBOIS BISGAARD & SMITH LLP, and moves this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* to compel the plaintiff to arbitrate all claims as follows:

1.      The plaintiff Robert Gutierrez filed this action against Menard, Inc. alleging violations of and seeking recovery under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* (hereafter referred to as "USERRA"). Attached hereto and marked as "Exhibit A" is a true and correct copy of the complaint.

2.      The plaintiff Robert Gutierrez is a party to an enforceable contract in which there is an arbitration clause. Attached hereto and marked as "Exhibit B" is a true and correct copy of said contract.

3.      The arbitration clause in the contract provides that all disputes arising from the plaintiff's employment relationship shall be resolved by binding arbitration with the American Arbitration Association under the National Rules for the Resolution of Employment Disputes of the American Arbitration Association. (Exhibit B, ¶ 7.)

4.     The employment agreement between the parties is an enforceable contract under the laws of Illinois in that it resulted from an offer and an acceptance of the offer that is supported by consideration.

5.     The plaintiff's claims under USERRA are within the scope of claims subject to final and binding arbitration as set forth in the arbitration provision of the employee agreement. (Exhibit B, ¶ 7.)

6.     On August 1, 2008, the plaintiff filed the instant lawsuit with this Court instead of submitting his claims to arbitration.  On August 15, 2008, the undersigned sent a written request to counsel for the plaintiff to dismiss this cause and submit all claims to arbitration.  Attached hereto and marked as "Exhibit C" is a true and correct copy of the request.

7.     As of the date of filing the instant motion to compel arbitration and memorandum of law in support, counsel has not responded to the request.  This conduct evidences the plaintiff's failure to comply with his contractual obligations and it establishes the need for an order from this Court to compel the plaintiff to arbitration.

8.     Pursuant to section 4 of the Federal Arbitration Act, this Court must compel the plaintiff to submit his claims to final and binding arbitration in accordance with the terms of his employee agreement.  9 U.S.C. § 4.

9.     In further support of this Motion to Compel Arbitration, Menard, Inc. has filed its Memorandum of Law.

WHEREFORE, Menard, Inc. respectfully requests this Court to dismiss the proceedings against it and compel the plaintiff to submit his claims to arbitration in accordance with the terms of his employee agreement and arbitration clause therein.

2

Respectfully submitted,

MENARD, INC.

By:     **s/Garry B. Zak**
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: (312) 345-1718
Facsimile: (312) 345-1778
Attorney No. 6278770
gzak@lbbslaw.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: (312) 345-1718
Facsimile: (312) 345-1778

Attorneys for Menard, Inc.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4385 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan, Presiding |
| | ) | |
| MENARD, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MENARD, INC.'S MOTION TO COMPEL ARBITRATION**

# Exhibit A
(Complaint filed on August 1, 2008)

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT GUTIERREZ,** | ) | Civil Action No.:_____ |
| **Plaintiff,** | ) | |
| | ) | Judge:_____ |
| **v.** | ) | |
| | ) | Magistrate Judge:_____ |
| **MENARD, INC.** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

NOW COMES the Plaintiff, ROBERT GUTIERREZ, ("Plaintiff" and/or "Gutierrez") by and through his undersigned counsel of record, and complains against Defendant MENARD, INC. (hereinafter referred to as "Menard" or "Defendant"), as follows:

### INTRODUCTION

1.    This case is about Defendant's shocking and egregious violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), *38 U.S.C. §4301, et seq.*, including, but not limited to, discriminating against Plaintiff for being a member of the uniformed services, retaliating against Plaintiff for honoring his obligation to serve when called in 2003, and again retaliating against Plaintiff in 2008 when he was scheduled to be redeployed by the Department of Defense.

2.    Plaintiff is a responsible individual that supported his household through his dedication, commitment, and outstanding job performance as an employee of Defendant for over eight (8) years.

3.    Plaintiff's ability to financially support himself came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and unlawfully "indefinitely suspended"

Plaintiff simply because Plaintiff honored the obligation he made to the United State of America, when he was notified of his pending redeployment.

4.      Despite Plaintiff's eight (8) years of dedicated employment and outstanding job performance, Defendant and retaliated against Plaintiff by unlawfully "indefinitely suspending" him after he notified Defendant of his pending redeployment.

5.      Plaintiff has suffered severe and egregious injury and damage as a direct and proximate cause of Defendant's unlawful conduct as alleged herein.

<u>PARTIES</u>

a.    **Plaintiff**

6.      Plaintiff, Robert Gutierrez, is an individual resident of Kendall County, Illinois who currently resides at 57 Blackhawk Springs Drive, Plano, Illinois 60545.

b.    **Defendant**

7.      Defendant Menard, Inc. is a corporation doing business in the State of Illinois. As used in this Complaint, "Defendant" and/or "Menard." means Defendant, all subsidiaries, agents, successors, parent corporations, etc.

8.      The registered agent for Menard, as listed with the Illinois Secretary of State, is:

Prentice Hall Corporation
33 North Lake Street
Chicago, Illinois 60602

9.      Plaintiff was an employee of Menard from February 3, 2000, through the present.

10.     Plaintiff was unlawfully indefinitely suspended from his employment with Menard on March 31, 2008.

11.     At the time of his unlawful indefinite suspension, Plaintiff was employed by Menard as a Flatbed Loader.

## JURISDICTION AND VENUE

12.    Jurisdiction over the causes of action contained in this Complaint is conferred by *28 U.S.C. §1331*, as same arises under the laws of the United States.

13.    Venue is proper in this judicial district under *28 U.S.C. §1391(b)*, in that Defendant employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## COMMON ALLEGATIONS

14.    Plaintiff Gutierrez was an employee of Defendant from February 3, 2000 through the date of his unlawful indefinite suspension on or about March 31, 2008.

15.    Defendant was an employer of Plaintiff as defined by the USERRA.

16.    Plaintiff was an employee of Defendant as defined by the USERRA.

17.    At all relevant times herein, Plaintiff was protected by the rights established by the USERRA. Furthermore, Plaintiff was eligible for reemployment under the USERRA. *See 38 U.S.C. §4303 (13) and (16).*

18.    On March 31, 2008, at the time of his unlawful indefinite suspension, Plaintiff was employed by Defendant in the position of Flatbed Loader.

19.    Plaintiff was a qualified, competent, and dedicated employee and performed all of his job duties in a reasonable and acceptable manner during all relevant times herein.

20.    Plaintiff performed all of his job duties in a manner that met the Defendant's legitimate expectations.

21.    Plaintiff enlisted in Illinois Army National Guard ("National Guard") on March 3, 1999.

22.    Plaintiff's standard training for the National Guard included one weekend per month and a two-week training period per year.    Plaintiff informed Menard of his National Guard obligation at the beginning of his employment.    Plaintiff provided Menard with an annual schedule of the dates he would be unavailable to work due to his military obligations.

23.    Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations.

23.    In or about June 2003, Plaintiff was informed by the Illinois Army National Guard that he would be assigned full-time to the Illinois Army National Guard Armory in Marseilles, Illinois, beginning in June 2003.    Plaintiff was assigned the position of gate guard.

24.    Immediately upon receiving notice of his National Guard assignment, Plaintiff informed Defendant of his military obligation and that he would not be able to work his scheduled shifts.

25.    In or about September 2003, Plaintiff was informed that he was to be deployed to Iraq in support of *Operation Iraqi Freedom II*.

26.    Plaintiff's initial request for a leave of absence in order to fulfill his military obligation was made by Plaintiff to Defendant on or about June 2003.

27.    Plaintiff first leave of absence from Defendant was from on or about June 2003 through February 2005.

28.    Plaintiff returned to his employment with Defendant approximately two weeks after returning from his military deployment in Iraq.

29.    While serving in Iraq, Plaintiff was awarded the following awards or medals:

    a.    Army Reserve Component Achievement Medal;

    b.    Army Combat Action Badge;

      c.     Iraq Campaign Medal;

      d.     Good Conduct Medal;

30.     Plaintiff reenlisted with the National Guard in November 2007.

31.     Plaintiff informed Menard of his plan to reenlist, and informed Menard after he had reenlisted.

32.     On or about March 7, 2008, Plaintiff visited his dentist (Dr. K.J. Dillman) for extensive dental work on six teeth.

33.     In the course of his treatment, Dr. Dillman prescribed Plaintiff Hydrocodone (a narcotic) for pain.

34.     At his first day of work after his dental visit, Plaintiff informed his supervisors at Menard that he had been prescribed Hydrocodone and that he was, in fact, taking the medication.

35.     Less that two weeks after Plaintiff informed Menard that he was taking Hydrocodone under the direction and care of a medical professional, Menard informed Plaintiff that he was required to submit to a "random" drug test.

36.     On or about March 31, 2008, Defendant notified Plaintiff he was indefinitely suspended, under Defendant's "zero tolerance" policy for drug use in the workplace. Defendant indefinitely suspended Plaintiff in retaliation for honoring his obligation, and serving when called upon, in military service.

37.     Plaintiff had an outstanding work history and was never subjected to disciplinary action until after he notified Defendant of his impeding redeployment for military service.

38.     There was no legitimate non-discriminatory/non-retaliatory basis for Plaintiff's indefinite suspension.

39.     Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

40.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.


## COUNT I

### VIOLATIONS of the UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT of 1994 ("USERRA"), *38 U.S.C. §4301, et. seq.* (DISCRIMINATION)

41.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

42.     Plaintiff was an eligible employee under the USERRA, insomuch as he is a member of the uniformed services.  Plaintiff is an E4/Corporal in the Illinois Army National Guard. *See 38 U.S.C. §4303 (16)*.

43.     Plaintiff has preformed "service in the uniformed service" beginning on or about March 3, 1999 and continues through the present time. *See 38 U.S.C. §4303 (13)*.

44.     Defendant is a covered employer under the USERRA, insomuch as it is a "person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." *See 38 U.S.C. §4303 (4)(A)*.

45.     Defendant was fully aware that Plaintiff's leave on or about June 2003 through on or about February 2005, qualified as "service in the uniformed services."

46.     Plaintiff properly notified Defendant of his pending redeployment beginning June 2003.

47.    Defendant is fully aware that Plaintiff's pending redeployment to Afghanistan beginning in or about September 2008 qualifies as "service in the uniformed services."

48.    Plaintiff informed Defendant of his pending redeployment to Afghanistan prior to March 2008.

49.    Plaintiff otherwise fulfilled all of his obligations for notifying Defendant.

50.    Plaintiff fully informed Defendant of the nature and scope of his redeployment and he went through all of the proper avenues to get approval from Defendant for his required military leave.

51.    Defendant violated the USERRA by discriminating against Plaintiff through harassment and other coercion.

52.    There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's harassment and coercion of Plaintiff.

53.    Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

B.    Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

C.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

D.    Attorneys fees, expert witness fees and costs of this action, pursuant to *38 U.S.C. §4323 (h)(2)*; and

E.    Any and all other such relief as this Court deems just and equitable.


## COUNT II

### VIOLATIONS of the UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT of 1994 ("USERRA"), *38 U.S.C. §4301, et. seq.* (RETALIATION)

54.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

55.    Plaintiff was an eligible employee under the USERRA, insomuch as he is a member of the uninformed services. Plaintiff is an E4/Corporal in the Illinois Army National Guard. *See 38 U.S.C. §4303 (16).*

56.    Plaintiff has preformed "service in the uniformed service" beginning on or about March 3, 1999 and continues through the present time. *See 38 U.S.C. §4303 (13).*

57.    Defendant is a covered employer under the USERRA, insomuch as it is a "person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." *See 38 U.S.C. §4303 (4)(A).*

58.    Defendant was fully aware that Plaintiff's leave on or about June 2003 through on or about February 2005, qualified as "service in the uniformed services."

59.    Immediately upon his return to his former position at Menard in February 2005, Plaintiff was required to submit to two "random" drug tests within a one-month period.

60.    Plaintiff properly notified Defendant of his pending redeployment beginning June 2003.

61.    Defendant is fully aware that Plaintiff's pending redeployment to Afghanistan beginning on or about September 2008 qualifies as "service in the uniformed services."

62.    Plaintiff informed Menard of his pending redeployment to Afghanistan prior to March 2008.

64.    Plaintiff fully informed Defendant of the nature and scope of his redeployment and he went through all of the proper avenues to get approval from Defendant for his required military leave.

65.    At the time Plaintiff informed Menard of his pending redeployment, Plaintiff held the position of "Inventory and Quality Control."

66.    In January 2008, immediately after Plaintiff informed Defendant of his redeployment, Menard demoted Plaintiff to "Receiving," and replaced him with an employee who does not have, and never had, military obligations.

67.    In February 2008, Menard further demoted Plaintiff to "Flatbed Loader."

68.    Defendant violated the USERRA by discriminating against Plaintiff through demoting Plaintiff, harassment and other coercion.

69.    There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's demoting, harassment and coercion of Plaintiff.

70.    Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

71.    Defendant violated the USERRA by:

      a.    Retaliating against Plaintiff for requesting and taking a leave of absence in order to fulfill his military obligation by, among other things,

            i.    Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations;

    ii.    Requiring Plaintiff to submit to two "random" drug tests within a one-month period upon his return from his initial deployment in February 2005;

    iii.    Requiring Plaintiff to submit to a "random" drug test when Defendant knew that Plaintiff was taking Hydrocodone for a dental procedure;

    iv.    Demoting Plaintiff from "Inventory and Quality Control" to "Receiving" and replacing Plaintiff with an employee who does not have, and never had, military obligations;

    v.    Demoting Plaintiff from "Receiving" to "Flatbed Loader"; and

    vi.    Unlawfully indefinitely suspending Plaintiff on March 31, 2008.

72.    There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's indefinite suspension of Plaintiff on March 31, 2008, or for the other retaliatory and illegal conduct described herein.

73.    Defendant unlawfully indefinitely suspended Plaintiff in retaliation for Plaintiff being redeployed for military service.

74.    Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

75.    As a result of the Defendant's actions Plaintiff has suffered harm and injury damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption to his personal life, financial injury, lost benefits, lost wages and lost enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

    A.    Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

    B.    Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

    C.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

    D.    Attorneys fees, expert witness fees and costs of this action, pursuant to *38 U.S.C. §4323 (h)(2)*; and

    E.    Any and all other such relief as this Court deems just and equitable.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.    Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

77.    Plaintiff is an employee of the Defendant.

78.    Plaintiff fulfilled his job duties with skill and expertise.

79.    Defendant's severe and outrageous acts, including the intentional, willful, discriminatory and retaliatory suspension of Plaintiff were actions that amounted to extreme and outrageous conduct as follows:

        a.    Plaintiff's supervisors (Menard employees) continually harassed, badgered and cajoled Plaintiff when he was unavailable due to fulfilling his National Guard obligations;

    b.    Requiring Plaintiff to submit to two "random" drug tests within a one-month period upon his return from his initial deployment in February 2005;

    c.    Requiring Plaintiff to submit to a "random" drug test when Defendant knew that Plaintiff was taking Hydrocodone for a dental procedure;

    d.    Demoting Plaintiff from Inventory and Quality Control to Receiving and replacing Plaintiff with an employee who does not have, and never had, military obligations;

    e.    Demoting Plaintiff from Receiving to Flatbed Loader; and

    f.    Unlawfully indefinitely suspending Plaintiff on March 31, 2008.

80.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

81.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

82.    The Plaintiff did, in fact, experience extreme emotional distress, in that he was concerned about his continued employment with Defendant, lost his source of income and benefits, and experienced increased nervousness and anxiety.

83.    Further, Plaintiff did, in fact, experience extreme emotional distress, in that he was forced to continually worry about Plaintiff's health and income and his well-being while on indefinite suspension.

84.    By the extreme emotional distress the Plaintiff was thereby damaged.

85.    Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

i.   Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

ii.  Additional liquidated damages in the amount of the above requested amount, pursuant to *38 U.S.C. §4323 (d)(1)(C)*;

iii. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to *38 U.S.C. §4323 (d)(1)(B)*;

iv.  Monetary damages to compensate Plaintiff for all future lost salary, benefits, and emotional distress;

v.   Punitive damages;

vi.  Attorneys' fees, expert witness fees and costs of this action; and

vii. Any and all other such relief as this Court deems just and equitable.

## JURY DEMAND

JURY DEMANDED ON ALL COUNTS SO TRIABLE

Dated: August 1, 2008                    FOOTE, MEYERS, MIELKE & FLOWERS, LLC

                                         /s/Robert M. Foote Meyers
                                         Robert M. Foote, Esq. (#03124325)
                                         Stephen W. Fung, Esq. (#06289522)
                                         Adam L. Gill, Esq. (#06289577)
                                         FOOTE, MEYERS, MIELKE & FLOWERS, LLC
                                         28 North First Street, Suite 2
                                         Geneva, Illinois 60134
                                         Telephone: (630) 232-6333
                                         Facsimile: (630) 845-8982

Kathleen C. Chavez (#06255735)
CHAVEZ LAW FIRM, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone: (630) 862-1130

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4385 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan, Presiding |
| | ) | |
| MENARD, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

## MENARD, INC.'S MOTION TO COMPEL ARBITRATION

# Exhibit B
(Employee Agreement dated February 3, 2000)

### EMPLOYEE AGREEMENT

In consideration of my employment, promotion or salary increase by Menard, Inc., or any division thereof, and in further consideration of the compensation paid or to be paid to me, I agree as follows:

**1.    Definitions. (a)** "Person" as used in this Agreement means an individual, partnership, corporation, association or other group, however organized.

**(b)** "Directly or indirectly" as used in this Agreement includes an interest in or participation in a business as an individual, partner, shareholder, director, officer, principal, agent, employee, trustee, lender of money, or in any other capacity or relation whatsoever. The term also includes actions taken on behalf of myself or on the behalf of any other person.

**2.    Nature of Employment.** I understand that my employment with Menard, Inc. may be terminated at any time for any reason, or for no reason at all, with or without cause, by Menard, Inc. or me.

**3.    Confidential Information.** Menard, Inc. owns and has a valuable property interest in its Confidential Information, which includes, but is not limited to, matters particularly relating to operations of Menard, Inc.'s retail business such as customer, supplier and price lists and agreements, distribution plans, requirements or costs, customer service requirements, costs of providing services, equipment and equipment maintenance costs, materials or records of a proprietary nature, engineering or technical data, and records and policy matters relating to research, finance, accounting, sales, personnel, management, marketing and operations. I understand that Menard, Inc. has expended significant time, effort and expense in developing its Confidential Information and building its business and customer relationships. As an employee of Menard, Inc., I will receive extensive training and become personally acquainted with Menard, Inc.'s Confidential Information. By signing this Agreement, I am agreeing to abide by certain legal obligations and responsibilities with respect to Menard, Inc.'s customers and its Confidential Information in order to protect Menard, Inc.'s investment and my fellow employees.

**4.    Use of Confidential Information.** I acknowledge that during the term of my employment, I will be making use of, acquiring or adding to Menard, Inc.'s Confidential Information. In order to protect the Confidential Information, I will not, during the term of my employment with Menard, Inc. or thereafter, in any way utilize any of the Confidential Information except in connection with my employment by Menard, Inc. I will not copy, reproduce or remove from Menard, Inc.'s premises the original or any copies of the Confidential Information and I will not disclose any of the Confidential Information to anyone. I further agree and represent that by complying with this non-disclosure, to which Menard, Inc. is entitled, my ability to earn a livelihood is not and will not be impaired. My agreement of non-disclosure will survive the termination of this Agreement. I agree that I will comply with the most restrictive provisions specified above which is allowed by applicable state law.

**5.    Computer Equipment and Software.** I understand that in the course of my employment, I may use computer equipment provided by Menard, Inc., and may create or use computer software and related documentation that are the property of Menard, Inc., or are licensed and copyrighted by another individual or firm. I agree that I will not reproduce, use or acquire such software without proper authorization and will only use such software in accordance with relevant and appropriate licensing and purchase agreements. I agree not to introduce any software of any type into any of the computer equipment belonging to Menard, Inc. without the express written consent of the Data Processing General Manager or the President of Menard, Inc. I understand that either the improper use or reproduction of the software or use of computer equipment supplied to me to perform my duties for Menard, Inc. may result in civil and criminal penalties as well as appropriate disciplinary action, including termination.

**6.    Intellectual Property.** I agree to disclose and assign to Menard, Inc. any and all material of a proprietary nature, particularly including, but not limited to, material subject to protection such as trade secrets, patentable ideas, processes or inventions or copyrightable works, which I may conceive, invent, author or discover, either solely or jointly with another or others during the term of this Agreement and which relates to or is capable of use in connection with the subject matter of this Agreement and with the business of Menard, Inc. or any services or products offered, manufactured, used, sold or being developed by Menard, Inc. at the time the material is developed, which shall be considered "work made for hire," and shall become and remain the sole property of Menard, Inc. I will upon request of Menard, Inc., either during or at any time after the termination of this Agreement, execute and deliver all papers, including applications for patents and registrations for copyrights, and do such other legal acts (entirely at Menard, Inc.'s expense) as may be necessary to obtain and maintain proprietary rights in any and all countries and to vest title thereto in Menard, Inc.

**7.    Remedy.** I agree that all problems, claims and disputes experienced within my work area shall first be resolved as outlined in the Team Member Relations section of the Grow With Menards Team Member Information Booklet which I have received. If I am unable to resolve the dispute by these means, I agree to submit to final and binding arbitration. I understand that this Agreement is intended to protect the business and goodwill of Menard, Inc. and that a breach of this Agreement will irreparably and continually damage Menard, Inc. Therefore, I agree that Menard, Inc. may obtain an injunction to stop me from breaching or continuing to breach my obligations under this Agreement but that, after the injunction proceedings, the claims shall be submitted to final and binding arbitration. I agree that the prevailing party will be entitled to recover the reasonable attorneys' fees and costs incurred by such party in the course of prosecuting or defending any lawsuit or arbitration proceeding brought under the terms of this Agreement. Problems, claims or disputes subject to binding arbitration include, but are not limited to: Statutory claims arising under the Age Discrimination in Employment Act, Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, Americans with Disabilities Act, Family Medical Leave Act and Non-Statutory claims such as contractual claims, quasi-contractual claims, tort claims and any and all causes of action arising under state laws or common law.

These claims shall be resolved by binding arbitration by the American Arbitration Association ("AAA") located at 225 North Michigan Avenue, Suite 2527, Chicago, IL 60601-7601 under its National Rules for the Resolution of Employment Disputes. A copy of the Code, Rules and fee schedule of the American Arbitration Association may be obtained by contacting it at the address listed above.

I agree that all arbitrators selected shall be attorneys. This provision shall supersede any contrary rule or provision of the forum state.

Menard, Inc. is engaged in commerce using the U.S. Mail and telephone service. Therefore, the Agreement is subject to the Federal Arbitration Act, 9 U.S.C. Sections 1-14 as amended from time to time.

**8.    Severability.** I agree that if the scope or enforceability of any part of this Agreement is any way disputed at any time, a court or arbitrator may modify and enforce the Agreement to the extent that it believes to be reasonable under the circumstances existing at that time.

**THIS DOCUMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. I HAVE READ THIS ENTIRE AGREEMENT AND I FULLY UNDERSTAND THE LIMITATIONS WHICH IT IMPOSES UPON ME, AND I UNDERSTAND THAT THIS AGREEMENT CANNOT BE MODIFIED, EXCEPT BY THE PRESIDENT OF MENARD, INC.**

Accepted this *03* day of *Feb*, 20 *2000*

MENARD, INC.

By: _____
                    Signature
                    *Kae Chesnutt*
                    *KAREN CHESNUTT*
Print Name

Title: *PERSONEL*

X _____
Signature of Employee

X *Robert Gutierrez*
Print Name

X Address: *59 Black Hawk SA.*

X SS#: *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*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4385 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan, Presiding |
| | ) | |
| MENARD, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MENARD, INC.'S MOTION TO COMPEL ARBITRATION**

# Exhibit C
(Menard, Inc.'s Request for Arbitration dated August 15, 2008)

# LEWIS BRISBOIS BISGAARD & SMITH LLP

### ATTORNEYS AT LAW

550 WEST ADAMS STREET, SUITE 300, CHICAGO, IL 60661
PHONE: 312.345.1718 | FAX: 312.345.1778 | WEBSITE: www.lbbslaw.com

**GARRY B. ZAK**
DIRECT DIAL: 312.463.3316
E-MAIL: gzak@lbbslaw.com

August 15, 2008

**VIA FACSIMILE**
**(630) 845-8982**

Robert M. Foote, Esq.
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, Suite 2
Geneva, Illinois 60134

Re:    <u>Robert Gutierrez v. Menard, Inc.</u>
United States District Court for the Northern District of Illinois, Eastern Division
Case No. 08-4385

Dear Mr. Foote:

I have been retained by Menard, Inc. for the defense of this matter and I filed my appearance today. Your client is a party to an arbitration agreement with Menard, Inc., a copy of which is enclosed for your review. As all claims in the complaint are referable to arbitration, I request that you voluntarily dismiss this matter from federal court and proceed in arbitration. In the event I do not hear from you before August 27, 2008, I will file a motion to compel arbitration.

I look forward to hearing from you soon. Please feel to call me at the telephone number listed above.

Kind regards,

Garry B. Zak for
LEWIS BRISBOIS BISGAARD & SMITH LLP

ATLANTA | CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TAMPA | TUCSON

LEWIS BRISBOIS BISGAARD & SMITH LLP

Robert M. Foote, Esq.
August 15, 2008
Page 2


Enclosure

cc:     Kathleen C. Chavez, Esq.
        Chavez Law Firm, P.C.
        28 First Street, Suite 2
        Geneva, Illinois 60134
        (via facsimile (630) 845-8982)

        Peter L. Currie, Esq.
        The Law Firm of Peter L. Currie, P.C.
        536 Wing Street
        St. Charles, Illinois 60174

        James Anderson, Esq., Menard, Inc.

**EMPLOYEE AGREEMENT**

In consideration of my employment, promotion or salary increase by Menard, Inc., or any division thereof, or any further consideration of the compensation paid or to be paid to me, I agree as follows:

1. **Definitions. (a) "Person"** as used in this Agreement means an individual, partnership, corporation, association or other group, however organized.

(b) **"Directly or indirectly"** as used in this Agreement includes an interest in or participation in a business as an individual, partner, shareholder, director, officer, principal, agent, employee, trustee, lender of money, or in any other capacity or relation whatsoever. The term also includes actions taken on behalf of myself or on the behalf of any other person.

2. **Nature of Employment.** I understand that my employment with Menard, Inc. may be terminated at any time for any reason, or for no reason at all, with or without cause, by Menard, Inc. or me.

3. **Confidential Information.** Menard, Inc. owns and has a valuable property interest in its Confidential Information, which includes, but is not limited to, matters particularly relating to operations of Menard, Inc.'s retail business such as customer, supplier and price lists and agreements, distribution plans, requirements or costs, customer service requirements, costs of providing services, equipment and equipment maintenance costs, materials or records of a proprietary nature, engineering or technical data, and records and policy matters relating to research, finance, accounting, sales, personnel, management, marketing and operations. I understand that Menard, Inc. has expended significant time, effort and expense in developing its Confidential Information and building its business and customer relationships. As an employee of Menard, Inc., I will receive extensive training and become personally acquainted with Menard, Inc.'s Confidential Information. By signing this Agreement, I am agreeing to abide by certain legal obligations and responsibilities with respect to Menard, Inc.'s customers and its Confidential Information in order to protect Menard, Inc.'s investment and my fellow employees.

4. **Use of Confidential Information.** I acknowledge that during the term of my employment, I will be making use of, acquiring or adding to Menard, Inc.'s Confidential Information. In order to protect the Confidential Information, I will not, during the term of my employment with Menard, Inc. or thereafter, in any way utilize any of the Confidential Information except in connection with my employment by Menard, Inc. I will not copy, reproduce or remove from Menard, Inc.'s premises the original or any copies of the Confidential Information and I will not disclose any of the Confidential Information to anyone. I further agree and represent that by complying with this non-disclosure, to which Menard, Inc. is entitled, my ability to earn a livelihood is not and will not be impaired. My agreement of non-disclosure will survive the termination of this Agreement. I agree that I will comply with the most restrictive provisions specified above which is allowed by applicable state law.

5. **Computer Equipment and Software.** I understand that in the course of my employment, I may use computer equipment provided by Menard, Inc., and may create or use computer software and related documentation that are the property of Menard, Inc., or are licensed and copyrighted by another individual or firm. I agree that I will not reproduce, use or acquire such software without proper authorization and will only use such software in accordance with relevant and appropriate licensing and purchase agreements. I agree not to introduce any software of any type into any of the computer equipment belonging to Menard, Inc without the express written consent of the Data Processing General Manager or the President of Menard, Inc. I understand that either the improper use or reproduction of the software or use of computer equipment supplied to me to perform my duties for Menard, Inc. may result in civil and criminal penalties as well as appropriate disciplinary action, including termination.

6. **Intellectual Property.** I agree to disclose and assign to Menard, Inc. any and all material of a proprietary nature, particularly including, but not limited to, material subject to protection such as trade secrets, trademarks, patentable ideas, processes or inventions or copyrightable works, which I may conceive, invent, author or discover, either solely or jointly with another or others during the term of this Agreement and which relates to or is capable of use in connection with the subject matter of this Agreement and with the business of Menard, Inc. or any services or products offered, manufactured, used, sold or being developed by Menard Inc. at the time the material is developed, which shall be considered "work made for hire", and shall become and remain the sole property of Menard, Inc. I will upon request of Menard, Inc., either during or at any time after the termination of this Agreement, execute and deliver all papers, including applications for patents and registrations for copyrights, and do such other legal acts (entirely at Menard, Inc.'s expense) as may be necessary to obtain and maintain proprietary rights in any and all countries and to vest title thereto in Menard, Inc.

7. **Remedy.** I agree that all problems, claims and disputes experienced within my work area shall first be resolved as outlined in the Team Member Relations section of the Grow With Menards Team Member Information Booklet which I have received. If I am unable to resolve the dispute by these means, I agree to submit to final and binding arbitration. I understand that this Agreement is intended to protect the business and goodwill of Menard, Inc. and that a breach of this Agreement will irreparably and continually damage Menard, Inc. Therefore, I agree that Menard, Inc. may obtain an injunction to stop me from breaching or continuing to breach my obligations under this Agreement but that, after the injunction proceedings, the claims shall be submitted to final and binding arbitration. I agree that the prevailing party will be entitled to recover the reasonable attorneys' fees and costs incurred by such party in the course of prosecuting or defending any lawsuit or arbitration proceeding brought under the terms of this Agreement. Problems, claims or disputes subject to binding arbitration include, but are not limited to: Statutory claims arising under the Age Discrimination in Employment Act, Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, Americans with Disabilities Act, Family Medical Leave Act and Non-Statutory claims such as contractual claims, quasi-contractual claims, tort claims and any and all causes of action arising under state laws or common law.

These claims may be resolved by binding arbitration by the American Arbitration Association ("AAA") located at 225 North Michigan Avenue, Suite 2525, Chicago, IL 60601-7601 under its National Rules for the Resolution of Employment Disputes. A copy of the Code, Rules and fee schedule of the American Arbitration Association may be obtained by contacting it at the address listed above.

I agree that all arbitrators selected shall be attorneys. This provision shall supersede any contrary rule or provision of the forum state.

Menard, Inc. is engaged in commerce using the U.S. Mail and telephone service. Therefore, the Agreement is subject to the Federal Arbitration Act, U.S.C. Sections 1-14 as amended from time to time.

8. **Severability.** I agree that if the scope or enforceability of any part of this Agreement is any way disputed at any time, a court or arbitrator may modify and enforce the Agreement to the extent that it believes to be reasonable under the circumstances existing at that time.

**THIS DOCUMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. I HAVE READ THIS ENTIRE AGREEMENT AND I FULLY UNDERSTAND THE LIMITATIONS WHICH IT IMPOSES UPON ME, AND I UNDERSTAND THAT THIS AGREEMENT CANNOT BE MODIFIED, EXCEPT BY THE PRESIDENT OF MENARD, INC.**

X  Accepted this _03_ day of _Feb_, _2000_

MENARD, INC.

By: _____
Signature

_KAREN CHESNUTT_
Print Name

Title: _PERSONEL_

X  _Robert Gutierrez_
Signature of Employee

X  _Robert Gutierrez_
Print Name

X  Address: _59 Black Hawk SA._

X  SS#: _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_

8-98          ORIGINAL TO G.O. EMPLOYMENT OFFICE

# LEWIS BRISBOIS BISGAARD & SMITH LLP

### ATTORNEYS AT LAW

550 WEST ADAMS STREET, SUITE 300, CHICAGO, IL 60661
PHONE: 312.345.1718 | FAX: 312.345.1778 | WEBSITE: www.lbbslaw.com

**GARRY B. ZAK**                                      August 15, 2008
DIRECT DIAL: 312.463.3316
E-MAIL: gzak@lbbslaw.com

|          |                         | **Phone Number** | **Fax Number**   |
|----------|-------------------------|------------------|------------------|
| **To:**  | Robert M. Foote, Esq.   | (630) 232-6333   | (630) 845-8982   |
|          | Kathleen C. Chavez, Esq.| (630) 232-4480   | (630) 845-8982   |
|          | Peter L. Currie, Esq.   | (630) 862-1130   | (630) 845-8982   |

**From:**    Garry B. Zak

**Pages:**    4  (including cover page)

**Re:**    Robert Gutierrez v. Menard, Inc.
United States District Court for the Northern District of Illinois, Eastern Division
Case No. 08-4385

**Message:**

PLEASE CALL 312.345.1718, EXT.  IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.

The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipients named above.  This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

ATLANTA | CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TAMPA | TUCSON

MESSAGE CONFIRMATION

AUG-15-2008 12:46 PM FRI

FAX NUMBER :
NAME :

NAME/NUMBER : 916308458982
PAGE : 4
START TIME : AUG-15-2008 12:46PM FRI
ELAPSED TIME : 00'44"
MODE : STD ECM
RESULTS : [ O.K ]

---

LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

550 WEST ADAMS STREET, SUITE 300, CHICAGO, IL 60661
PHONE: 312.345.1718 | FAX: 312.345.1778 | WEBSITE: www.lbbslaw.com

GARRY B. ZAK
DIRECT DIAL: 312.463.3316
E-MAIL: gzak@lbbslaw.com

August 15, 2008

| | | Phone Number | Fax Number |
|---|---|---|---|
| To: | Robert M. Foote, Esq. | (630) 232-6333 | (630) 845-8982 |
| | Kathleen C. Chavez, Esq. | (630) 232-4480 | (630) 845-8982 |
| | Peter L. Currie, Esq. | (630) 862-1130 | (630) 845-8982 |

**From:** Garry B. Zak

**Pages:** 4 (including cover page)

**Re:** Robert Gutierrez v. Menard, Inc.
United States District Court for the Northern District of Illinois, Eastern Division
Case No. 08-4385

**Message:**

PLEASE CALL 312.345.1718. EXT. IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.

The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

ATLANTA | CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TAMPA | TUCSON