UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4385 |
| | ) | |
| v. | ) | Honorable Samuel Der-Yeghiayan, Presiding |
| | ) | |
| MENARD, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MENARD, INC.'S
MOTION TO COMPEL ARBITRATION**

NOW COMES the defendant, MENARD, INC., by and through one of its attorneys, Garry B. Zak of LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its Memorandum of Law in Support of its Motion to Compel Arbitration states as follows:

**SUMMARY OF ARGUMENT**

The parties to the instant lawsuit are also parties to a valid and enforceable written agreement to arbitrate all disputes. The scope of the subject agreement to arbitrate covers all claims made in the instant matter. As the plaintiff refused Menard, Inc.'s request to submit this cause to arbitration, this Court must compel the plaintiff to submit to final and binding arbitration in accordance with the terms of the subject agreement to arbitrate.

**BACKGROUND**

Menard, Inc. hired the plaintiff on or around February 3, 2000. (Mot. Compel, Ex. A at 2, ¶ 9.) As a condition of employment and at all relevant times, the plaintiff was an at-will employee of Menard, Inc. working under the terms of an employee agreement. (Mot. Compel, Exhibit B, Consideration Clause; ¶ 2) (indicating and affirming status as at-will employee.) Under the terms of the employee agreement, the plaintiff agreed to arbitrate all disputes arising

from his employment relationship with Menard, Inc.   (Mot. Compel, Exhibit B, ¶ 7.) Notwithstanding his contractual obligations, the plaintiff filed the instant lawsuit with this Court on August 1, 2008.  (See Mot. Compel, Ex. A.)  In his complaint, the plaintiff has asserted three counts for which he seeks recovery under certain provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.*  On August 15, 2008, the undersigned forwarded to the plaintiff's counsel a copy of the subject written arbitration agreement with a written request to submit this matter to arbitration.  (Mot. Compel, Exhibit C.)  As of the date of filing the instant motion to compel arbitration and memorandum of law in support, the plaintiff's counsel has not responded.

Menard, Inc. moves this Court to compel the plaintiff to arbitrate all claims in this matter pursuant to the terms of the arbitration clause in his employee agreement as he has refused to submit said claims to arbitration per his contractual obligations.

## ARGUMENT

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., (hereafter, the "FAA"), written agreements to arbitrate disputes shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract.  Id. § 2.  The FAA applies to arbitration agreements that cover employment-related claims. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).  A party to a written agreement to arbitrate disputes may move a federal court to stay the proceedings until arbitration has been had in accordance with the terms of the agreement.   9 U.S.C. §§ 3, 4.   However, as all of the plaintiff's claims against Menard, Inc. are subject to arbitration, this Court should dismiss the matter and compel the plaintiff to arbitrate. *Wojcik v. Aetna Life Ins. and Annuity Co.*, 901 F. Supp. 1282, 1292 (N.D. Ill. Aug. 25, 1995, Castillo, J.).

### I.      The plaintiff signed a valid and enforceable arbitration agreement

The arbitration agreement between Menard, Inc. and the plaintiff is a valid and enforceable contract.   An agreement to arbitrate disputes must be a valid contract to be enforceable. *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). Federal courts may look to the principles of contract law from the state in which the arbitration agreement was entered to determine if the agreement is enforceable. *Penn v. Ryan's Family Steak House, Inc.*, 269 F.3d 753, 759 (7th Cir. 2001).   In the instant matter, the plaintiff's employee agreement was consummated in Illinois.   Thus, the law of contracts in Illinois is used to determine if the employee agreement, including the arbitration provision, is an enforceable agreement.

In Illinois, an enforceable contract results from an offer, and an acceptance of the offer, which is supported by consideration. *Steinberg v. Chicago Medical School*, 371 N.E.2d 634, 639 (Ill. 1977).  It is well established in Illinois that when both parties sign a written agreement, a valid offer and acceptance have occurred. *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 108 (Ill. 2006) (citing *Black v. Wabash, St. Louis & Pacific Ry. Co.*, 111 Ill. 351, 358 (1884); *Hintz v. Lazarus*, 373 N.E.2d 1018 (Ill. App. Ct. 1978)); *Cohen v. New England Mut. Life Ins. Co.*, 140 F.2d 1, 2 (7th Cir. 1944).  In the instant matter, there can be no dispute that both Menard, Inc. and the plaintiff signed the employee agreement.  (Mot. Compel, Exhibit B.)  As such, the requisite "meeting of the minds" occurred.

The above-referenced "meeting of the minds" is supported by adequate consideration. Under the terms of the employee agreement, Menard, Inc. promised to employ the plaintiff in exchange for his agreement to arbitrate employment-related disputes.  Moreover, Menard, Inc. and the plaintiff agreed to be bound by the arbitration clause in that each party promised to

arbitrate claims arising from the employment relationship. Under these circumstances, there is sufficient consideration to support the contract. *Melena*, 847 N.E.2d at 109 (stating that continued employment is sufficient consideration for enforcing employment agreements under Illinois law); *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 368 (7th Cir. 1999) (holding that promise of employment in exchange for signing employment agreement and mutual promises to arbitrate are sufficient consideration). As such, an enforceable agreement to arbitrate exists between the plaintiff and Menard, Inc.

## II.    The plaintiff's claims fall within the scope of the arbitration agreement

Having established that there is an enforceable arbitration agreement between the parties, this Court must determine if the plaintiff's claims fall within the scope of the matters subject to arbitration under the agreement. *American United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 928 (7th Cir. 2003). In this case, the plaintiff agreed to submit all work-related problems, claims, and disputes to final and binding arbitration. (Mot. Compel, Exhibit B, ¶ 7.) As Congress has not evinced an intention to preclude the claims in the instant matter from being resolved in an arbitration forum, and given the terms of the enforceable written agreement to arbitrate between the parties, this Court must compel the plaintiff to submit all claims to arbitration. *Kitts v. Menards, Inc.*, 519 F. Supp. 2d 837, 844 (N.D. Ind. Sept. 28, 2007) (relying on *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30 (1991), *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 480 (1989), and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).

As the agreement establishes the requisite offer, acceptance, and consideration supporting same, and because the terms of the agreement provide for arbitration of all claims asserted in the instant matter, this Court must dismiss the claims and compel arbitration of the matter pursuant

to the terms of the arbitration clause and employee agreement between the plaintiff and Menard, Inc.

**III.    Conclusion**

The plaintiff must be compelled to submit his claims to arbitration in accordance with the terms of his employee agreement.  The plaintiff's employee agreement is a valid and enforceable contract under Illinois law.  The causes of action alleged in the Complaint fall within the scope of the arbitration clause of the employee agreement.  Therefore, Menard, Inc. respectfully requests that this Court dismiss the proceedings against it and compel the plaintiff to submit his claims to arbitration.

Respectfully submitted,

MENARD, INC.

By:    **s/Garry B. Zak_____**
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: (312) 345-1718
Facsimile: (312) 345-1778
Attorney No. 6278770
gzak@lbbslaw.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: (312) 345-1718
Facsimile: (312) 345-1778

Attorneys for Menard, Inc.